UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ROBERT ANTHONY FINNIMORE<br>    *Debtor* | Civil No. 3:13cv744 (JBA) |
| ROBERT CARDWELL,<br>    *Appellee*,<br>        *v.*<br>ROBERT ANTHONY FINNIMORE,<br>    *Appellant.* | March 30, 2014 |

**RULING AND ORDER**

Pro se Appellant Robert Anthony Finnimore has filed [Doc. # 1] an appeal of the judgment of the United States Bankruptcy Court for the District of Connecticut in New Haven, dismissing Appellant's voluntary Chapter 7 bankruptcy petition.  (*See In Re: Finnimore, et al.*, No. 09-31497 (LMW) [Doc. # 117] ("Bankr. Court Ruling").)  Appellee Roderick Cardwell, who obtained a judgment against Robert Finnimore in the Bankruptcy Court moves [Doc. # 8] to dismiss this appeal on the basis that the appeal is frivolous and that Appellant has failed to file an appropriate legal brief setting forth the basis for his appeal and has failed to pay the Court's filing fee.  For the reasons that follow, Appellee's motion to dismiss is granted.

I.      **Procedural Background**

On June 5, 2009, Appellant and his wife, Amy Beth Finnimore filed a voluntary joint Chapter 7 bankruptcy petition in the Bankruptcy Court.  On June 2, 2010, Cardwell commenced an adversary proceeding against Appellant and Mrs. Finnimore by filing a Complaint in which Cardwell sought "Denial of the Debtors' discharge" on the basis that "Robert Anthony Finnimore has concealed, destroyed, or failed to keep or preserve

recorded information, including books, documents, records, and papers, from which his financial condition or business transactions might be ascertained, in contravention of 11 United States Code § 727(a)(3)." (*Cardwell v. Finnimore, et al.*, No. 10-03036, Complaint [Doc. # 1].)  On April 22, Chief Judge Lorraine Weil entered judgment for Cardwell against Mr. Finnimore on Cardwell's Complaint and denied discharge for Mr. Finnimore's Chapter 7 case.[1] (*See In Re: Finnimore, et al.*, No. 10-03036 [Doc. # 118].)

## II.    Facts

Mr. Finnimore previously operated a business, Tailgate Tickets, in which he bought below-market tickets primarily for New York Giants football games and resold them at a higher cash price. (*See* Bankr. Court Ruling at 10.)  Starting around July 2007, the secondary market for Giants tickets deteriorated and Tailgate Tickets began to fail. According to Mr. Finnimore's testimony before the Bankruptcy Court, he unsuccessfully attempted to the sell the business and then "had a sort of nervous breakdown in response to the pressure of the impending Business failure and claims to have just walked away from the Business on or about July 17, 2007." (*Id.*)

Cardwell, who operated a business called Ticketworld, submitted a claim to the Bankruptcy Court for payment on three contracts executed by Mr. Finnimore collectively worth $220,400 based on loans and payments to Tailgate Tickets for tickets that were

---

[1] Because Mrs. Finnimore was not a signatory to the contracts that Cardwell sought judgment on, the Bankruptcy Court dismissed Cardwell's claims against her. (*Id.* at 17–18.)  There was no adverse judgment entered against Mrs. Finnimore and she has not appealed any portion of the Bankruptcy Court Ruling.  Accordingly, the Clerk is directed to amend the caption of this case to reflect that Mrs. Finnimore is not an appellant in this case.

never delivered.  (*Id.* at 4–5.)  Cardwell opposed Appellant's bankruptcy discharge on the ground that Appellant had filed a false statement with the Bankruptcy Court, failed to preserve business records, and concealed property.  (*Id.* at 5.)

After trial, the Bankruptcy Court concluded that Mr. Finnimore had intentionally destroyed all business records for Tailgate Tickets after he was sued by the National Football League ("NFL") in 2005 for trademark infringement.  At the Bankruptcy Court trial, Mr. Finnimore denied destroying the records and in a post-trial brief he took a different position, contending that as part of a settlement with the NFL in which Mr. Finnimore was required to destroy all material with NFL trademarks that he had infringed upon, he "agreed to destroy everything associated with the NFL," apparently including business records.  (*Id.* at 11.)   The Bankruptcy Court found Mr. Finnimore's trial testimony and the contentions in his post-trial brief not credible, and relied instead upon Mr. Finnimore's deposition testimony in which he acknowledged that he started to intentionally destroy business records on an ongoing basis starting in 2005 as a result of the NFL lawsuit.  (*Id.* at 11 & n.14.)

Based on this finding that Mr. Finnimore intentionally destroyed documents, the Bankruptcy Court denied his bankruptcy petition under 11 U.S.C. § 727(a)(3), which provides that the court shall not grant debtor a discharge if he has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

## II.    Legal Standard[2]

Cardwell argues that this appeal should be dismissed because Appellants have failed to file a timely appellant brief.  Rule 8010(a) of the Federal Rules of Bankruptcy Procedure requires that appellant briefs adhere to the following requirements:

 The brief of the appellant shall contain under appropriate headings and in the order here indicated:

> (A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.
> (B) A statement of the basis of appellate jurisdiction.
> (C) A statement of the issues presented and the applicable standard of appellate review.
> (D) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of the proceedings, and the disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record.
> (E) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.
> (F) A short conclusion stating the precise relief sought.

---

[2] Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous" or when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Metzen v. United States*, 19 F.3d 795, 797 (2d Cir. 1994).  The bankruptcy court's conclusions of law, however, are reviewed *de novo*.  *See In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999).  Mixed questions of law and fact are also reviewed *de novo*.  *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003).

Although Appellant has filed numerous submissions discussing the merits of Cardwell's underlying claims against him and contending that Cardwell has made false submissions to the Bankruptcy Court, he has not set forth any legal basis either for reversal of the Bankruptcy Court Order or for relief from his non-compliance with Rule 8010(a). In Appellant's Revised Notice of Appeal [Doc. # 13], he asks "this Court to Charge. . . Cardwell with ( False Claims—18 U.S.C. § 152(4)" and "to be Discharged from Bankruptcy." (*Id.* at 9.) Cardwell asserts that it would be "unfair and unjust to construe" Appellants' various filings as meeting the requirements of Rule 8010(a), because doing so would allow the Court to consider on appeal factual allegations which are not part of the record.[3] (Cardwell's Mem. Supp. [Doc. # 9] at 7.)

Although pro se pleadings are construed liberally, and the Court would not ordinarily be inclined to dismiss an appeal on technical grounds, "Bankruptcy Rule 8010 is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal." *Matter of Gulph Woods Corp.*, 189 B.R. 320, 323 (E.D. Pa. 1995). Failure to comply with this requirement is grounds for dismissing an appeal. *See In re Stephenson*, No. 96 CIV. B. 557 (DC), 1996 WL 403087, at

---

[3] Cardwell also contends that Appellant's failure to pay the filing fee required in this action warrants dismissal. Failure to pay the filing fee is grounds for dismissal, but given that there is no indication that Appellant was provided with notification of his obligation to pay this fee and thereafter did not do so, Appellant's failure to pay the filing fee is not grounds for dismissal at this time. *Cf. Michalek v. Ring,* 131 F.3d 131 (2d Cir. 1997) (affirming district court's dismissal of a bankruptcy appeal based on the appellant's failure to pay a filing fee after he was sent a certificate of noncompliance stating that the fee was not paid).

*1 (S.D.N.Y. July 18, 1996) ("Such a failure is grounds for dismissing a bankruptcy appeal.").

Additionally, Appellants have failed to designate items in the record of the Bankruptcy Court for this Court to review.   (*See* Transmittal Form of Bankruptcy Appeals to District Court [Doc. # 4] (noting that Appellants had not designated items in the record and that the deadline to do so had passed).)  This too is grounds for dismissal. Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.").

Despite these shortcomings, to the extent that Appellant advances grounds for reversal, there is no merit to such claims.  Appellant's request that the Court charge Cardwell with filing a false claim under 18 U.S.C. § 152 is not within the jurisdiction of a court hearing a bankruptcy appeal in which the Court reviews only the findings of fact and conclusions of law of the Bankruptcy Court.  The Court further notes that 18 U.S.C. § 152 is criminal statute with no private right of action, and thus Appellant has no standing to seek relief from this Court or the Bankruptcy Court (or any court) on these grounds.  *See In re Martin*, 387 B.R. 307, 313 (Bankr. S.D. Ga. 2007) ("[T]here is no private civil right of action arising under § 152, and this Court lacks jurisdiction to preside over this cause of action.").  To the extent that Appellant contests the validity of Cardwell's claims, he sets forth no legal basis for the Court to conclude that the Bankruptcy Court's findings in entering judgment for Cardwell were factually or legally

erroneous and instead maintains that Cardwell's submissions were false without citing to any portions of the record that would allow the Court to evaluate Appellant's contention.

It appears that Appellant also disputes the Bankruptcy Court's finding that he intentionally destroyed his business records and its denial of bankruptcy discharge on that basis under 11 U.S.C. § 727(a)(3).  In his Revised Notice of Appeal, Mr. Finnimore disputes, as he did before the Bankruptcy Court, that he intentionally destroyed his business records.  The Bankruptcy Court considered and rejected these arguments below and discredited them based on Mr. Finnimore's contradictory deposition testimony in which he acknowledged intentionally destroying such records after he was sued by the NFL.  (Bankr.. Court Ruling at 11 & n.14.)  Aside from rearguing the same position, Mr. Finnimore has not submitted any evidence or pointed to any portion of the record that could lead the Court to conclude that this decision was clearly erroneous.  *See Metzen*, 19 F.3d at 797; *see also In re Stephenson*, 1996 WL 403087, at *1 ("[I]n this instance it would be particularly absurd for me to hold that Judge Conrad's factual findings were clearly erroneous because Appellant has failed to include any citations to the Record on Appeal in his brief.").

As Appellant has not set forth any valid grounds for reversal of the Bankruptcy Court Order, Cardwell's Motion to Dismiss is granted.

III.     **Conclusion**

For the reasons set forth above, Cardwell's Motion [Doc. # 9] to Dismiss is GRANTED.  The Clerk is directed to close this case.


IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 30th day of March, 2014.